[Sac. No. 4438.   In Bank.—August 15, 1931.]

OREGON–CALIFORNIA LIVESTOCK COMPANY (a Corporation), Appellant, v. L. L. McDONALD et al., Respondents.

J. T. Sharp for Appellant.

C. S. Baldwin for Respondents.

CURTIS, J.—This action was instituted to recover on three promissory notes, executed by the defendants L. L. McDonald and B. L. McDonald and secured by a mortgage

upon certain real property and personal property. The mortgage was executed by the defendants above named and by defendant Mary E. McDonald, in favor of defendant J. W. Seimens. The plaintiff became the owner thereof by assignment through the said Seimens. The real property described in said mortgage consisted of a quarter-section of land in Modoc County, and the personal property therein described consisted of 229 head of cattle and their increase. The action was dismissed as to defendant Seimens for the reason that no personal service of summons has been made upon him. While the defendant Mary E. McDonald did not sign either of said promissory notes as maker thereof or otherwise, she did sign and execute the mortgage given to secure same, which, after referring to the principal amount secured by said mortgage, with interest and charges and attorneys' fees, contains a further covenant reading as follows: ''And we do for ourselves, our heirs or assigns (do) covenant and agree to pay all of said sums of money hereinbefore mentioned.''

The action was tried and the court below rendered judgment for the amount due on the promissory notes, with costs and attorneys' fees, and for the foreclosure of the mortgage, directing the sale of the real property described in the mortgage and the application of the proceeds of the sale to the satisfaction of the judgment, but declined to render personal judgment against said defendants or any of them.

Plaintiff, the appellant, contends in the first place that it is entitled to a personal judgment against the defendant Mary E. McDonald under and by virtue of the provisions of the mortgage quoted above to the same extent and in the same manner as if she had with her co-defendants signed the original promissory notes. From the view we take of the case it will not be necessary for us to decide this point.

The court found in pursuance to the allegations of the answer of the defendants, that in November, following the execution of the promissory notes in April, 1923, the plaintiff agreed with defendants that if they would deliver to plaintiff the possession of said livestock mentioned in the mortgage and concede to plaintiff the ownership of said stock, it would release said defendants from all personal

liability on said promissory notes and mortgage. The court, also, in its findings, expressed this agreement in the following words: "That is to say, plaintiff agreed to take said cattle and the said lien on said real estate in full settlement and satisfaction of all debts owing to it by the said McDonalds, or either or any of them." The court further found that in pursuance of said agreement "the said L. L. McDonald did deliver and cause to be delivered to plaintiff all of said cattle, and at the time of the agreement for the delivery of said cattle paid to plaintiff the sum of $700 that he had received from the sale of certain of said cattle".

There is ample evidence in the record to support these findings. It is conceded that said livestock was delivered to the plaintiff as found by the court and that plaintiff sold the same and kept the entire proceeds of said sale. The defendant L. L. McDonald testified that at the time said cattle were delivered to the plaintiff, the agent of plaintiff, C. L. Jamison, accepted said cattle in full settlement of the personal liability of the McDonalds for said indebtedness and agreed to take the mortgage lien upon the said real and personal property in full settlement and satisfaction of the said indebtedness. While Jamison denied that any such agreement was made by him, no question is made as to the authority of Jamison to bind his principal by his said agreement. The testimony of Jamison therefore merely created a conflict in the evidence, which the trial court resolved in favor of said defendants. Under these circumstances, it is not within the province of a reviewing court to disturb or in any way modify the findings in question.

A further contention is made by appellant that the court erred in crediting upon the amount due on said promissory notes the sum of $3,000 received from the sale of a portion of said livestock. It is contended that this amount was received by plaintiff and applied on the indebtedness represented by said promissory notes prior to their execution, it being conceded that the promissory notes sued upon were in part renewals of prior promissory notes representing the same indebtedness. The time when this $3,000 was credited on said indebtedness becomes immaterial in view of the finding of the trial court that plaintiff agreed to take the cattle and the mortgage lien on the real

property in full settlement and satisfaction of said indebtedness so far as the McDonalds were personally liable therefor.

The judgment is affirmed.

· Preston, J., Langdon, J., Shenk, J., Waste, C. J., and Seawell, J., concurred.